IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM F. BANKHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-0806-CV-W-SWH |
| | ) | |
| DANIEL HERBERT BANKHEAD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

On August 10, 2006, plaintiff William F. Bankhead, appearing pro se, filed this action[1] against defendants Daniel Herbert Bankhead, Ana Bankhead,[2] the Negro League Traveling Museum,[3] Bob Kendrick, John "Buck" O'Neil,[4] Mark S. Bryant, Mamie Hughes, Alfred "Slick" Surratt, Sr., Dewey Alexander and John/Jane Does[5]. Plaintiff challenges the defendants' unauthorized possession of his father's baseball memorabilia ("the Bankhead memorabilia"). Plaintiff's Complaint alleges conversion (Count I), intentional infliction of emotional distress (Count

---

[1] The action was originally filed in the United States District Court for the Eastern District of New York. It was transferred to this Court on September 27, 2006.

[2] No summonses were issued for either Daniel Herbert Bankhead or Ana Bankhead. Plaintiff's complaint alleges the whereabouts of those individuals are presently unknown.

[3] Defendants' answer denied the existence of a legal entity called the Negro Leagues Traveling Museum stating that the correct legal entity is the Negro Leagues Baseball Museum or NLBM which is the entity which appeared through counsel and filed an answer to the Complaint.

[4] The summons issued for John "Buck" O'Neil was returned unexecuted. Mr. O'Neil is now deceased.

[5] Although denying that Mr. Surratt, Sr. is an officer of or on the Board of the NLBM, defendants' answer refers to defendants Kendrick, Bryant, Hughes, Surratt, and Alexander as the Museum defendants.

II), civil rights violations pursuant to 42 U.S.C. § 1982 (Counts III and IV), negligence (Count V) and conspiracy (Count VI). He seeks compensatory and punitive damages, attorney fees and an accounting of all profits received by the Negro Leagues Baseball Museum (NLBM) which are attributed to the Bankhead memorabilia. (Doc. # 10)

Pending before the Court is defendants' Motion for Summary Judgment (doc. #26) which was filed on July 24, 2007. Plaintiff did not respond to defendants' motion. Defendants contend that summary judgment is warranted because the uncontroverted facts prove that no baseball memorabilia has ever been donated to or received by defendant NLBM, or any of the other Museum defendants from Dan Bankhead, Jr.

## I. STANDARD FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when the record reveals that there are no genuine issues as to any material facts and that the moving party is entitled to judgment as a matter of law. The court must review the facts in the light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. See Addickes v. S.H. Kress & Co., 398 U.S. 144 (1970). The nonmoving party may not rest upon allegations or general denials, but must come forward with specific facts to prove that a genuine issue for trial exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

## II. UNCONTROVERTED FACTS

The following facts are deemed uncontroverted[6]:

---

[6] Defendants' Motion for Summary Judgment, doc. #26, sets forth thirteen uncontroverted material facts. Because plaintiff failed to respond to defendants' motion, those facts are deemed admitted. (See Local Rule 56.1(a) of the Local Rules for the Western District

2

1.  Plaintiff William F. Bankhead filed this lawsuit alleging that his brother Dan Bankhead, Jr., donated certain baseball memorabilia to the NLBM without his permission, or the permission of his sister Wailuliah (Bankhead) Jenkins.[7] Wailuliah (Bankhead) Jenkins, William Bankhead, and Dan Bankhead, Jr. are alleged to be the children and heirs of the now deceased Dan Bankhead, Sr. (Defendants' Uncontroverted Fact # 1)

2.  Daniel Bankhead, Sr. was a professional baseball player who played first in the Negro Leagues, and then in the Major Leagues for the Brooklyn Dodgers. Daniel Bankhead, Sr. died on or about May 2, 1976, in Houston, Texas. At the time his death, he lived with his wife, Linda Bankhead, who is the mother of Daniel Jr., Wailuliah and William Bankhead. (Defendants' UnControverted Fact # 2)

3.  In the Complaint, plaintiff alleges that Linda Bankhead is still living, but is incapacitated and that two of her children, plaintiff Wailuliah Bankhead and Dan Bankhead, Jr. have been appointed as her guardians or co-conservators. (Defendants' UnControverted Fact # 3)

4.  The NLBM is a non-profit Missouri corporation, and has a museum facility located at 1616 E. 18th Street, Kansas City, Missouri 64108. (Defendants' Uncontroverted Fact # 4)

5.  In addition to the museum facility in Kansas City, and in partnership with Roadway Express, the NLBM has a traveling museum exhibit called the "Times of Greatness" Tour. It is a mobile museum dedicated to the history of Negro Leagues Baseball, and features historic photos,

---

of Missouri)

[7]Wailuliah (Bankhead) Jenkins has filed a similar suit, which is also pending in this Court as Case No. CV-06-0805-W-SWH.

3

Case 4:06-cv-00806-SWH   Document 30   Filed 12/14/07   Page 3 of 6

videos, uniforms and other memorabilia, including a special tribute to John "Buck" O'Neil. The "Times of Greatness" Tour travels cities and Major League ball parks throughout the United States. (Defendants' Uncontroverted Fact # 5)

6. In July of 2005, the "Times of Greatness" Tour traveling museum made a stop near Shea Stadium in New York. At that stop, the NLBM's Director of Marketing, Bob Kendrick, met a gentleman named Dan Bankhead, Jr. (a/k/a Dan Al-Mateen). Mr. Bankhead showed Mr. Kendrick a scrapbook containing newspaper clippings and articles about his father, Dan Bankhead, Sr., who had played baseball in the Negro Leagues and then for the Brooklyn Dodgers. At that time, the two men discussed the possibility of a donation of baseball memorabilia and other items from the Bankhead family to the NLBM, but Mr. Bankhead did not promise or agree to donate anything. (Defendants' Uncontroverted Fact # 6)

7. Sometime after July of 2005, Mr. Kendrick advised Raymond Doswell, Chief Curator for the NLBM, about his conversation with Dan Bankhead, Jr. and the possibility of a donation from the Bankhead family. (Defendants' Uncontroverted Fact # 7)

8. Mr. Doswell called Dan Bankhead, Jr. a couple of times to inquire about the potential donation, but Mr. Bankhead never agreed to donate any materials. (Defendants' Uncontroverted Fact # 8)

9. Then in the Spring of 2006, Dan Bankhead, Jr. came to Kansas City to attend the Legends Luncheon sponsored by the NLBM. He permitted the NLBM staff to photocopy a few clippings from his scrapbook. However, no materials were donated to the NLBM, and no original articles were left behind. (Defendants' Uncontroverted Fact # 9)

10. Dan Bankhead, Jr. never donated, transferred, gave or provided any materials or

baseball memorabilia to the NLBM. The NLBM does not have any original baseball memorabilia, artifacts or other historical items in its collection from the Dan Bankhead, Sr. family, either in Kansas City or on the "Times of Greatness" Tour traveling museum. (Defendants' Uncontroverted Fact # 10)

11. The Brooklyn Historical Society has never loaned or transferred any baseball memorabilia, artifacts or other historical materials to the NLBM. Likewise, the NLBM has never loaned or transferred any baseball memorabilia, artifacts or other historical materials to the Brooklyn Historical Society, including any materials relating to Dan Bankhead, Sr. (Defendants' Uncontroverted Fact # 11)

12. After his brother Dan Bankhead, Jr. visited Kansas City, William Bankhead called Bob Kendrick a couple of times demanding a monetary settlement and threatening a lawsuit. Mr. Kendrick never offered to pay William Bankhead because the NLBM does not, nor did it ever, have possession of any of the baseball memorabilia that plaintiff claims was donated to the NLBM without his permission. (Defendants' Uncontroverted Fact # 12)

13. Plaintiff seeks compensatory and punitive damages, including "financial profits from all exhibitions made by the defendants," an accounting of the "estate property" allegedly held by the NLBM, and attorneys' fees. (Defendants' Uncontroverted Fact # 13)

## III. DISCUSSION

All of plaintiff's claims are based on the allegations that the NLBM and the other Museum defendants are in possession of memorabilia of Dan Bankhead, Sr. donated by Dan Bankhead, Jr. without the permission of other Bankhead family members. Plaintiff has offered no evidence to support this claim and has failed to respond to the specific facts set forth in the defendants' summary

5

judgment motion. The uncontroverted material facts set forth in the summary judgment motion are supported by the affidavits of Dan Bankhead, Jr., Robert Kendrick, Raymond Doswell, and Deborah Schwartz. These uncontroverted facts demonstrate that Dan Bankhead, Jr. did not give any Bankhead memorabilia to the NLBM and that neither the NLBM nor the Museum defendants are in possession of the Bankhead memorabilia which is the subject of this lawsuit. Given these uncontroverted facts, plaintiff's claims cannot survive defendants' summary judgment motion and must be dismissed.

## IV. CONCLUSION

For the reasons set forth herein, it is

ORDERED that Defendants' Motion for Summary Judgment (doc. #26) is granted, and this action is dismissed.

/s/ Sarah W. Hays
SARAH W. HAYS
United States Magistrate Judge